## MUNICIPALITY NUMBER THREE *v.* SHERMAN JOHNSON.

The city of New Orleans, under the act of incorporation of February 17th, 1805, did not possess the power of laying a tax on capital employed in traffic; nor did the city acquire that power under the act of May 3d, 1847, for raising a revenue for the State.

APPEAL from the Fifth District Court of New Orleans. *Buchanan, J.* *Whittaker* and *Lugenbuhl* for plaintiff. *Roselius* for defendant. The judgment of the court was pronounced by

ROST, J. The defendant is sued for the amount of a municipal tax, imposed on the capital employed by him in trade within the limits of Municipality Number Three: there was judgment in his favor, and the plaintiffs appealed. He resists the payment of the tax on the following, among other grounds, that the ordinance imposing the tax is illegal and void, because the power to tax capital has not been delegated to the plaintiffs.

The question presented to our consideration is, whether capital employed in commerce is personal estate, within the meaning of the act of incorporation of the city, passed in 1805, which confers on the corporation the power to raise, by tax, in such manner as to them may seem proper, upon the real or personal estate within the city, such sum or sums of money as may be necessary, &c.

It appears to us that capital employed in commerce is a fictitious thing; that it has no existence apart from the merchandise in which it is invested, and that it does not come within the legal definition of personal estate. If it is to be viewed as money under the Spanish laws which were in force when the act of incorporation was passed, it was a rule derived from the Roman law that money and active debts were not included in the word movables, when it was used alone and without any addition or designation. Under those laws, money stood apart on account of the distinct function it performed as a measure of value, and active debts formed a third class of things. Nouveaû Ferrière, *verbo* Leys, des choses mobiliaires Ley Choses 51 ff. de Legal 3. Politica de villa Diego, p. 42, No. 71. Gregorio Lopez on Law 28, title 8, Partida 5, and on Law 14, title 11, Partida 4.

This distinction has been preserved by art. 533 of the Napoleon Code; and although it would seem to have been abrogated by the definition of movables given in the Louisiana Code, the Code of Practice has, in fact, retained it, by ordering the sheriff to seize in execution, first, movables, then slaves, then immovable property, and where there are neither movables, nor slaves, nor immovable property, the sums of money, rights and credits of the debtor. C. P.

646, 647.   The framers of the act of incorporation of 1805 acted upon it when <span>MUNICIPALITY<br>No. THREE<br>v.<br>JOHNSON.</span> they worded that the estates, whether real or personal, the rights, dues, debts, claims or property whatsoever, which heretofore belonged to the city of New Orleans, &c., shall be vested in the corporation.

In conformity with this view of the law, no attempt has ever been made to levy taxes on capital of any kind before the passage of the act of 1847, providing a revenue for the support of the government of the State, in which a provision is found which subjects to taxation all capital vested or employed each year in traffic, trade, merchandise, or in any kind of commerce.   Acts of 1847, p. 164.

The introduction of this provision in the new fiscal law, after specifying all the real and personal estate which was taxed before its passage, shows that the Legislature considered that capital was not previously subject to taxation.   The act of 1847 has exclusive reference to State taxes, and as the power to impose a tax on capital was not, in our opinion, delegated to the plaintiffs by the act of incorporation, the judgment must be affirmed.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs.